**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JEROME JOHNSTON,** an individual,

    Plaintiff,

**CASE NO.**

vs.

**HANANIA IMPORTS, INC.,** a
Florida for Profit Corporation, as Sole
General Partner of **HA MOTORS, LLP**
a Florida Limited Liability Partnership
d/b/a **ACURA OF ORANGE PARK,**

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Jerome Johnston ("Plaintiff" or "Johnston"), through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, Hanania Imports, Inc. as General Partner of HA Motors, LLP d/b/a Acura of Orange Park, collectively (the "Defendants"), and states as follows:

**PRELIMINARY STATEMENT**

1.    The Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, as amended (the "ADA"), is also a remedial statute aimed at combating Congress's findings that discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals with respect to individuals with disabilities is to assure equality of opportunity and participation. 42 U.S.C. § 12101(a)(1)-(8). The ADA is meant to protect qualified employees, like Plaintiff, from discrimination, harassment and retaliation in the workplace an account of a real or perceived mental or physical disability. 42 U.S.C. § 12112. Therefore, termination on account of an employee's real or perceived disability is unlawful.

1

2. Pursuant to the ADA, 42 U.S.C. § 12102, the term "disability" is defined as an individual with (A) a physical or mental impairment that substantially limits one or more major life activities of such individual.

3. Plaintiff suffers from cerebral palsy, a physical disability, entitling him to the benefits and protection from discrimination under the ADA.

4. On January 4, 2018, Mr. Johnston was hired by the Defendants to work as a receptionist/cashier at Acura of Orange Park. The position required that Mr. Johnston greet customers and direct the customer to a sales team member or to another department depending on the customers need. In addition, Mr. Johnston was required to answer phones and transfer the call to the appropriate department. Approximately one month after being hired, Cyndy Ferguson, Executive Assistant to Jack Hanania (the owner), and Michele Eggleton, Cashier Trainer, met with Mr. Johnston regarding his appearance, and they informed him that his attire, wearing short sleeve dress shirts was not appropriate and that he needed to wear long sleeve dress shirts or wear a jacket over his short sleeve dress shirts. Due to Mr. Johnston's cerebral palsy, he cannot use his right hand/arm and his left leg is shorter than his right leg. Despite the fact that most of the able-bodied employees who also worked on the main floor were allowed to wear short sleeve shirts while working, Mr. Johnston was told he looked unprofessional. Mr. Johnston's employment was terminated about one week after the meeting. About an hour before he was scheduled for work, Ms. Ferguson called Mr. Johnston and told him that the culture at Defendant would not allow him to work at the dealership any more.

5. Mr. Johnston seeks: (i) back pay and front pay (where reinstatement is not feasible); (ii) compensatory damages in whatever amount he is found to be entitled; (iii) an award of interest, costs and reasonable attorney's fees and expert witness fees; (iv) punitive damages; (v) equitable relief; (vi) declaratory relief; (vii) pre-judgment and post-judgment

interest (where allowable); and (viii) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

6. The jurisdiction of this court is invoked pursuant to Title I of the Americans with Disabilities Act ["ADA," 42 U.S.C. § 12101 *et seq*]. As such, the Court has original jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1337.

7. The Court has supplemental jurisdiction of Mr. Johnston's Florida Civil Rights Act ("FCRA") ["FCRA" Fla. Stat. § 760 *et seq*.] claim pursuant to 28 U.S.C. § 1367 as this claim is so related to Mr. Johnston's ADA claim that they form part of the same case or controversy.

8. Jurisdiction to grant injunctive and declaratory equitable relief as well as damages is invoked pursuant to the Acts cited above as well as *Ex Parte Young*, 209 U.S. 123 (1908) pursuant to Mr. Johnston's request for prospective injunctive relief.

9. Venue properly lies in this judicial district under 28 U.S.C. §1391 because Defendants does business in this judicial district.

## PARTIES

10. At all times material to this action, Plaintiff was a resident of Duval County, Jacksonville Florida.

11. At all times material to this action, Hanania Imports, Inc., a Florida for Profit Corporation, as General Partner of HA Motors, LLP, a Florida Limited Liability Partnership d/b/a Acura of Orange Park was, and continues to be engaged in business in Florida, doing business in Duval County, Florida. Defendants can be served with process upon its registered agent, Jack Y. Hanania, 7200 Blanding Blvd., Jacksonville, FL 32244.

12. At all times material to this action, HA Motors, LLP, was a Limited Liability Partnership, engaged in business in Florida, doing business in Duval County, Florida. HA

      Motors can be served with process upon its registered agent, Jack Y. Hanania, 7200 Blanding Blvd., Jacksonville, FL 32244.

13. At all times material to this action Mr. Johnston was a "Person with a disability" as that term is defined by the ADA and the FCRA.

14. At all times material to this action the Defendants were an "employer" covered under the ADA and the FCRA.

15. At all times material hereto, Mr. Johnston was an "employee" of the Defendants within the meaning of the ADA and the FCRA.

16. From in or around January 4, 2018 to his termination on or about February 6, 2018, Plaintiff was employed as a receptionist/cashier working for the Defendants at Acura of Orange Park.

17. At all times material to this action Defendants directly or indirectly, jointly or severally, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

18. Defendants jointly employed Plaintiff.

19. Defendants are an employer under the ADA because they are engaged in commerce or in an industry affecting commerce and employ 15 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

20. At all times material hereto, Plaintiff is a "qualified individual" under the ADA since he can perform the primary duties of his job with or without an accommodation. See 42 U.S.C. § 12111(8). .

21. Plaintiff is covered by the ADA because he is an individual who:

a.    Has a physical impairment that substantially limits one or more major life activities or bodily functions;

      b.    Has a record of physical impairment that substantially limits one or more major life activities or bodily functions; and/or

      c.    Was regarded as having a physical impairment that substantially limits one or more major life activities or bodily functions.

22.    Plaintiff is protected by the ADA and the FCRA.

## SATISFACTION OF CONDITIONS PRECEDENT

23.    Plaintiff has exhausted his administrative remedies by filing a charge of discrimination and retaliation with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

24.    On February 19, 2020, the EEOC issued Mr. Johnston a Dismissal and Notice of Rights, entitling him to file a civil action on his disability claims within 90 days of its receipt. A copy of the Right to Sue letter is attached as **Exhibit A.**

25.    Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days have passed since the filing of the charge, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts as circumstances as the federal claims.

26.    All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

27.    On or about January 4, 2018, Mr. Johnston was hired by the Defendants as a Receptionist/cashier at the Acura Orange Park location.

28.    Mr. Johnston suffers from a disability, cerebral palsy, which affects the appearance and function of one of his arms and one of his legs.

29.    Mr. Johnston's position required that he greet customers and direct the customer to a sales team member or to another department depending on the customers need. In

addition, Mr. Johnston was required to answer phones and transfer the call to the appropriate department.

30. Due to Mr. Johnston's disability, he does not have full use of his right arm and his left leg is shorter than his right leg.

31. Approximately one month after being hired, Cyndy Ferguson, Executive Assistant to Jack Hanania (the owner of Defendants), and Michele Eggleton, Cashier Trainer, met with Mr. Johnston regarding his appearance, and they informed him that it was inappropriate for him to wear short sleeve dress shirts and that he needed to wear long sleeve dress shirts or wear a jacket over his short sleeve dress shirts.[1]

32. On February 6, 2018, approximately one week after the meeting and one month after being hired, Mr. Johnston's employment was terminated.

33. Mr. Johnston was told that the culture at the dealership would not allow him to work any further.

34. Defendants' stated reason for termination is discriminatory.

35. Defendants, through the actions more specifically alleged above and other instances of discrimination and retaliation, affected Plaintiff in a "term, condition or privilege" of his employment as envisioned by the ADA.

36. At all times relevant to this action, the Defendants failed to comply with 42 U.S.C. § 12101 et. seq., because Plaintiff disclosed the nature and extent of his disabilities, Defendants perceived Plaintiff to be disabled and terminated Plaintiff because of his real or perceived disabilities.

---

[1] On information and belief sales representatives that meet with the customers are permitted to wear short sleeve shirts.

6

37. Defendants' discriminatory practices and discriminatory conduct were intentional, reckless, extreme, and outrageous and far exceeded the bounds of society's expectations of decency and were based on Plaintiff's disability.

38. Defendants reasons for terminating Plaintiff were manufactured, post-hoc, after Plaintiff engaged in activities protected by the ADA.

39. At the time of his termination, Plaintiff worked for a covered employer as defined by the ADA.

40. Defendants' termination of Plaintiff because of his disability or because Defendants perceived Plaintiff to be disabled constitute disability discrimination.

41. Defendants' termination of Plaintiff interfered with the rights afforded to Plaintiff by the ADA.

42. Defendants' decision to terminate Plaintiff was motivated, in whole or in part, on Plaintiff's disability in violation of the ADA.

43. Plaintiff's disability was a substantial or motivating factor in Defendants' decision to terminate his employment.

44. Plaintiff's physical disability was a disability protected under the ADA and was a substantial or motivating factor in Defendants' decision to terminate his employment.

45. Defendants' decision to terminate Plaintiff was not wholly unrelated to Plaintiff's disability or Defendants' perception of Plaintiff as disabled.

46. Defendants' actions constitute interference with Plaintiff's rights under the ADA.

47. As a result of Defendant's conduct, Plaintiff suffered embarrassment, humiliation, stress, anxiety, fear and dignitary harm.

48. Defendants' actions constitute retaliation in violation of Plaintiff's rights under the ADA.

49. Defendants' actions constitute discrimination in violation of Plaintiff's rights under the ADA.

50. Defendants' actions were willful as Defendants knew or had reason to know that its actions violated federal law, yet Defendants acted wantonly or with reckless disregard for the law.

51. Defendants are liable for the actions of its managers and/or agents taken within the scope of their employment with Defendants and its related entities.

52. Defendants' actions, if left unchecked, will deter other employees from exercising their rights under the ADA which will in turn thwart the purposes of Congress in ensuring that a balance exists between work and healthy workers.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE ADA

53. Plaintiff re-alleges paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

54. Plaintiff is a qualified individual with a disability under the ADA.

55. The Defendants perceived Plaintiff as disabled.

56. Mr. Johnston has the requisite education to perform and can perform the essential functions for his position, and either held or desired to hold a position with Defendants.

57. Defendant was an employer within the meaning of the ADA.

58. Mr. Johnston was a qualified employee of the Defendants.

59. Defendant discriminated against Plaintiff because of his disability in violation of the ADA.

60. With actual knowledge of Plaintiff's disability, Defendants discriminated against Plaintiff and terminated his employment because of his disability.

61. Defendants had actual or constructive knowledge of the discriminatory conduct of Plaintiff's supervisors.

62. Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

63. Defendants' discriminatory acts and omissions occurred, at least in part, because of Plaintiffs' disability or perceived disability.

64. Defendants' conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADA.

65. The Defendants' wrongful termination is discrimination on the basis of Mr. Johnston' disabilities, real or perceived, in violation of the ADA and 42 U.S.C. § 12112.

66. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

67. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants which have caused and continue to cause irreparable harm.

68. Defendants' violations of the ADA were willful.

WHEREFORE Plaintiff, Jerome Johnston, respectfully requests entry of:

    a. judgment in his favor and against Defendants for violation of the anti-discrimination provisions of the ADA;

    b. judgment in his favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

    c. judgment in his favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional

        distress, and/or loss of enjoyment of life suffered as a result of Defendants' conduct.

d.    judgment in his favor and against Defendants for his reasonable attorneys' fees and litigation expenses;

e.    judgment in his favor and against Defendants for punitive damages;

f.    declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT II**
**RETALIATION AND/OR INTERFERENCE AGAINST**
**PLAINTIFF FOR EXERCISING RIGHTS UNDER THE ADA**

69.    Plaintiff re-alleges paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

70.    Title I of the ADA, 42 USC 12111 prohibits the Defendants from discriminating and/or retaliating against an otherwise qualified employee, based upon their physical disabilities.

71.    During the time Plaintiff was employed by Defendants, Plaintiff's physical disabilities were protected under the ADA, from discrimination and/or subjecting Plaintiff to disparate treatment, harassment, as set forth herein.

72.    Plaintiff also opposed acts and practices made unlawful by the ADA including, but not limited to subjecting Plaintiff to disparate treatment, harassment, and/or discrimination on the basis of his disabilities, as set forth herein.

73.    Defendants retaliated and discriminated against Plaintiff based upon his physical disabilities as described herein.

74.    During the time Plaintiff was employed by Defendants, he exercised and/or enjoyed rights granted and/or protected by the ADA.

75.    Defendants coerced, intimated, and/or threatened Plaintiff on account of him

having exercised and/or enjoyed rights granted and/or protected by the ADA.

76. Defendants interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADA.

77. Defendants terminated Plaintiff's employment in violation of the ADA.

78. Under the ADA, Defendants were legally obligated to refrain from retaliating against Plaintiff based on his physical disabilities.

79. Notwithstanding this obligation under the ADA and in willful violation thereof, Defendant retaliated against Plaintiff because of his physical disabilities.

80. As a direct and proximate result of Defendants' retaliation, in violation of the ADA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

81. As a further direct and proximate and foreseeable result of Defendants' retaliation in violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, a loss and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

82. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

83. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused and continue to cause irreparable harm.

84. Defendants' violations of the ADA were willful.

85. Plaintiff is entitled to recover his attorney's fees and costs.

WHEREFORE Plaintiff, Jerome Johnston, respectfully requests entry of:

    a. judgment in his favor and against Defendants for violation of the anti-discrimination provisions of the ADA;

    b. judgment in his favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

    c. judgment in his favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendants' conduct.

    d. judgment in his favor and against Defendants for his reasonable attorneys' fees and litigation expenses;

    e. judgment in his favor and against Defendants for punitive damages;

    f. declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the ADA; and

    g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## DISCRIMINATION IN VIOLATION OF
## FLORIDA COMMISSION ON HUMAN RIGHTS

86. Plaintiff realleges and incorporates paragraphs 1-52 as if fully set forth herein.

87. Plaintiff is a qualified individual under FCHR, Defendants perceive him to have a disability, he has the requisite qualifications to perform and can perform the essential functions for his position, and either held or desired to hold a position with Defendants.

88. During the time Plaintiff was employed by Defendants, Plaintiff engaged in protected activity under the FCHR.

89. Plaintiff opposed acts and practices made unlawful by FCHR.

90. Defendants subjected Plaintiff to disparate treatment, discrimination, harassment and/or termination, as set forth herein, in whole or in part because of his physical

disabilities and/or perceived disabilities.

91. Defendants violated the FCHR by, *inter alia*, the following acts:

    a. Discharging or otherwise limiting, segregating, or classifying Plaintiff in a way that adversely affected the opportunities or status of Plaintiff because of his disability and/or perceived disability;

    b. Subjecting Plaintiff to disparate treatment and harassment on the basis of his disability and/or perceived disability and/or request for accommodation.

92. Defendants engaged in said discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff.

93. As a direct and proximate result of Defendants' violation of the FCHR Plaintiff has suffered aggravation of his disabilities and symptoms.

94. As a result of the disability discrimination, Plaintiff has experienced and will continue to experience economic damages, including lost wages and benefits, and other forms of economic and non-economic damages, including emotional distress, anguish, and pain and suffering.

WHEREFORE Plaintiff, Jerome Johnston, respectfully requests entry of:

    a. judgment in his favor and against Defendants for violation of the anti-discrimination provisions of the FCRA;

    b. judgment in his favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

    c. judgment in his favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendants' conduct.

    d. judgment in his favor and against Defendants for his reasonable attorneys' fees and litigation expenses;

    e. judgment in his favor and against Defendants for punitive damages;

      f.      declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

      g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

### COUNT IV
### UNLAWFUL RETALIATION IN
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Handicap)

95. Plaintiff re-alleges paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

96. Plaintiff's physical disabilities substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

97. Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

98. The Defendants were aware of Plaintiff's physical disabilities and/or regarded Plaintiff as disabled because of his disabilities.

99. Defendants terminated Plaintiff in retaliation for his physical disability.

100. As a result of Defendants' conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

101. The Defendants engaged in retaliation against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

102. Plaintiff suffered emotional pain and mental anguish as a direct result of the Defendants' unlawful discrimination and retaliation.

103. Plaintiff has suffered pecuniary losses as a direct result of the Defendants' unlawful discrimination and retaliation.

104. As a result of the Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE Plaintiff, Jerome Johnston, respectfully requests entry of:

a. judgment in his favor and against Defendants for violation of the anti-discrimination provisions of the FCRA;

b. judgment in his favor and against Defendants for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c. judgment in his favor and against Defendants for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendants' conduct.

d. judgment in his favor and against Defendants for his reasonable attorneys' fees and litigation expenses;

e. judgment in his favor and against Defendants for punitive damages;

f. declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 19th day of May, 2020.

Respectfully submitted,
**MORGAN & MORGAN, P.A.**

/s/*Paul M. Botros*
Paul M. Botros, Esquire
FL Bar No.: 063365
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3017
E-mail: pbotros@forthepeople.com
*Trial counsel for Plaintiff*